Peck, J.
delivered the opinion of the court, (a)
Admitting the agreement exhibited with the bill to be sufficiently certain, and that the same is proved; also, that proof has been made of the services performed on the part of complainants’ ancestor in making the locations, we will then be brought to consider of the grounds of defence assumed by defendant, that he is an innocent purchaser without notice, lapse of time, and the statutes of limitations.
As to the first; this ground of defence is met by the languaage of the will, which it is urged is equal to a recital in a deed, and therefore sufficient to put the purchaser upon enquiry. This rule we think does not apply in the case before us. The inferences to be drawn from the *410 language in the will, certainly are, that the personal estate of the elder Nash was to be made liable for the cost and expense of the surveyor’s and other office fees, for surveying the land devised. Not the remotest hint is thrown out that the lands are to be charged, or that the locator’s interest is to be thus paid. Indeed, the language of the will may well be taken as conveying the idea that the elder Nash was not informed of the surveying and granting of the land. "I give and bequeath to Abner Nash,, his heirs forever, one moiety of all the lands I hold by entry or otherwise, on the western waters, the expense of saving the same to be borne by the persons to whom they are bequeathed, the money to be advanced out of my general estate, to be repaid in due time.” On this clause of the will, and there is none other which applies, no inference favorable to the complainants’ claim can be drawn. We therefore think that defendant, Auld, is protected by his plea of innocent purchaser without notice.
The defence of lapse of time, and the plea of the statutes of limitations will now be considered. The surveys were made in 1785, the grants issued in 1788. True, the elder Nash died prior to the issuance of the grants, but the estate by the will and conveyances made subsequent, passed into other hands. This was of itself sufficient to hasten the locator to set up his claim if founded in justice. Between the years 1792 and 1799, most of the defendants obtained their titles, and all the parties to the original agreement have been long dead. The right to sue accrued to the locator, when he had performed the services by taking out the grants. The courts were at all limes open; the suit could have been brought in North Carolina; and though the division of the land could not be made, still the right could have been settled between the locator and the devisees of the elder Nash. The suit was not necessarily local, but was either local or personal. 6 Cranch’s Rep. 148. There is therefore, nothing in the objection that the land lying in *411 the Indian boundary exempted the locator from that strict 'and prompt action, which operates in all other cases to hasten him, having a demand to enforce. If the excuse for the laches of the complainants could be urged as an available defence in this behalf, then time, which comes as a witness, and fixes the presumption of satisfaction in all other cases, would be removed in this, while the rule should be held up even-handed. What reason is there for a deviation from it in this case? None. The forum was open, parties always at hand to be reached, a subject matter to be operated upon from 1788 up to 1792 and 1799, while the estate remained with the devisees. Since that, no suit has been prosecuted up to the filing of the present bill. Time must therefore be allowed as a good defence.
It is not material to consider of the operation of the statutes of limitations, further than to say that there being, as to the defendant to the bill, no express trust created in any aspect of the case, there, is no reason why the plea of limitations should not be alio,wed. The courts of Tennessee have at all times been liberal in sustaining the claims of locators, even when it was doubtful what contract existed, or if any; the custom of the country has been resorted to, and an interest fixed, and by the courts sustained in favor of the locator. But this class of the community are not to be favored above all others. While it may be true that the hfeirs of the locator in this case may have an interest once founded in justice, it may be equally true that it has been satisfied. Lapse of time alone operates to prove it, and limitations are interposed for the quiet of men’s estates. It is a strong plea when advanced by a purchaser without notice of the outstanding equity, and being a strict rule of law, must be allowed 'whenever insisted on, and made to apply. The bill must therefore be dismissed.
Bill dismissed.

 Catron, Ch. J. did not sit in this cause.